**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **CYNTHIA KENDRICK, JOHNNY P. KENDRICK and A.J.C., by and through Robert L. Childs, Jr. as his Next Friend, as Heirs to the ESTATE OF ANGEL MELODY KENDRICK,** ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **CIVIL ACTION NO. 5:22-cv-381 (MTT)** |
| **SHERIFF CULLEN TALTON, _et al.,_** ) ) ) | |
| **Defendants.** ) ) | |

**ORDER**

      This 42 U.S.C. § 1983 action stems from the death of Angel Melody Kendrick while incarcerated at the Houston County Detention Center.  Doc. 1 ¶ 5.  Because "no personal representative has been appointed on behalf of the Estate of Angel Melody Kendrick and there are no proceedings pending in a probate court in this or any other state," the plaintiffs—Cynthia Kendrick, Johnny P. Kendrick, and A.J.C., by and through Robert L. Childs, Jr., his Next Friend—bring this case as "Heirs at law of the Estate of Angel Melody Kendrick in the closest degree."  _Id._  The plaintiffs now move to amend their complaint, unopposed by the defendants, "to add four additional heirs to the Estate of Angel Melody Kendrick" and to remove "Plaintiffs Cynthia Kendrick and Johnny P. Kenrick, who are indeed Heirs to the Estate of Angel Melody Kendrick, _but in a lesser_

*degree than Plaintiff A.J.C.*"[1] and the four additional heirs—Z.M.H., Z.E.H., K.H.H., and M.A.H.—that plaintiffs' counsel now seeks to add by and through Darius Howard, their Next Friend.  Docs. 17; 18.

In other words, it seems Angel Melody Kendrick, who was unmarried at the time of her death, had five children through two fathers.  A.J.C., a minor, is already represented in this action through his father, Robert L. Childs, Jr., and now plaintiffs' counsel wants to add the other four minor children, Z.M.H., Z.E.H., K.H.H., and M.A.H., through their father Darius Howard.  Docs. 17 at 5; 18 at 5.

Under 42 U.S.C. § 1983, a person who deprives someone of their constitutional rights "shall be liable to the party injured in an action at law."  42 U.S.C. § 1983.  Where death results from the alleged constitutional violations, the Court looks to state law, in this case Georgia, to determine who can bring claims under 42 U.S.C § 1983. *Carringer v. Rodgers*, 331 F.3d 844, 849 (11th Cir. 2003).  Under Georgia law, two statutes pertain "to the survival of a tort claim after death—a survival statute and a wrongful death statute."  *Id.*  "By incorporation of Georgia's survival statute, the right of the injured party to recover under 42 U.S.C. § 1983 for violation of their constitutional rights does not terminate if the violation leads to their death—the decedent's claim may still be brought" *by the estate.  Booker v. Anderson*, 2019 WL 13131383, at *2 (N.D. Ga. Oct. 9, 2019) (citing O.C.G.A. § 9-2-41).  "Additionally, by incorporation of Georgia's wrongful death statute, a 'separate and distinct cause of action' outside of decedent's claim arises, allowing survivors of the decedent to recover the full value of the life of the decedent."  *Id.* (quoting *Robertson v. Hecksel*, 420 F.3d 1254, 1261 (11th Cir. 2005)).

---

[1] The Court does not understand what a heir "in a lesser degree" means, and neither the plaintiffs' briefs nor the plaintiffs' proposed amended complaint provide any explanation.  *See* Docs. 17; 17-1; 18.

Under Georgia law, "[o]nly the decedent's surviving spouse or their children are classified as survivors who may recover for wrongful death." *Id.* (citing O.C.G.A. § 51-4-2).

It is unclear from the plaintiffs' complaint and the plaintiffs' proposed amended complaint whether they seek to recover under Georgia's survival statute, wrongful death statute, or both, and who is brining what claim. *See* Docs. 1; 17-1. The Court notes the estate is not a party. Accordingly, the plaintiffs' motion to amend (Docs. 17; 18) is **DENIED** without prejudice. The plaintiffs **SHALL** file a renewed motion to amend and proposed amended complaint by May 31, 2023, that identifies who is bringing the claim for the death of Angel Melody Kendrick and whether a claim is being asserted by the estate for the injuries and damages sustained by Angel Melody Kendrick. Plaintiffs' counsel should bear in mind that the wrongful death claim is separate from the estate's claim as discussed above.

**SO ORDERED**, this 19th day of May, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT