IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CYNTHIA KENDRICK, JOHNNY P. KENDRICK and A.J.C., by and through Robert L. Childs, Jr. as his Next Friend, as Heirs to the ESTATE OF ANGEL MELODY KENDRICK, <br><br> Plaintiffs, <br><br> v. <br><br> SHERIFF CULLEN TALTON, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 5:22-cv-381 (MTT) |

## **ORDER**

This action arises from the death of Angel Melody Kendrick while she was incarcerated at the Houston County Detention Center.  Doc. 1.  The "plaintiffs" claim this is an action for alleged deliberate indifference to serious medical needs pursuant to 42 U.S.C. §§ 1983 and 1988, "as well as violations of federal and state common law and statutory law."  *Id*.  Unfortunately, plaintiffs' counsel apparently have never understood the nature of the claims and the parties who can bring those claims.  At the moment, none of the "plaintiffs" are proper parties.  Nevertheless, the defendants have moved for summary judgment both on the merits and on procedural grounds.  Docs. 23; 25.  The Court declines to rule on the merits.  Because the plaintiffs are not proper parties, such a ruling would only cause further confusion.  But the Court can no longer tolerate plaintiffs' counsel's failure to act.

Under 42 U.S.C. § 1983, a person who deprives someone of their constitutional rights "shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. Where death results from the alleged constitutional violations, the Court looks to state law, in this case Georgia, to determine who can bring claims under 42 U.S.C § 1983. *Carringer v. Rodgers*, 331 F.3d 844, 849 (11th Cir. 2003). Under Georgia law, two statutes pertain "to the survival of a tort claim after death—a survival statute and a wrongful death statute." *Id.* "By incorporation of Georgia's survival statute, the right of the injured party to recover under 42 U.S.C. § 1983 for violation of their constitutional rights does not terminate if the violation leads to their death—the decedent's claim may still be brought" *by the estate*. *Booker v. Anderson*, 2019 WL 13131383, at *2 (N.D. Ga. Oct. 9, 2019) (citing O.C.G.A. § 9-2-41). "Additionally, by incorporation of Georgia's wrongful death statute, a 'separate and distinct cause of action' outside of decedent's claim arises, allowing survivors of the decedent to recover the full value of the life of the decedent." *Id.* (quoting *Robertson v. Hecksel*, 420 F.3d 1254, 1261 (11th Cir. 2005)). Under Georgia law, "[o]nly the decedent's surviving spouse or their children are classified as survivors who may recover for wrongful death."[1] *Id.* (citing O.C.G.A. § 51-4-2). In short, designated survivors have a wrongful death claim and the decedent's estate has a claim for, among other things, antemortem pain and suffering.

Kendrick's estate is not a party, and she does not have a surviving spouse. The current plaintiffs are Robert Childs, as next friend of Kendrick's son Austin Childs (f/k/a "A.J.C."), and Kendrick's parents Cynthia and Johnny Kendrick. Doc. 1. Thus, the only

---

[1] Though not relevant here, O.C.G.A. § 51-4-5(a) provides that "[w]hen there is no person entitled to bring an action for ... wrongful death ... under O.C.G.A. § 51-4-2 ... the administrator or executor of the decedent may bring an action for the benefit of the next of kin." *See, e.g.*, *Metro. Atlanta Rapid Transit Auth. v. Maloof*, 304 Ga. App. 824, 698 S.E.2d 1 (2010).

claim that could potentially have been properly asserted in the operative complaint is a wrongful death claim by Robert Childs as next friend of Austin Childs, one of Kendrick's five surviving children. Austin has since, however, reached the age of majority, and it is undisputed that the current plaintiffs are not proper parties.

On May 15, 2023, the plaintiffs moved to amend their complaint and filed a proposed amended complaint which the Court denied without prejudice for failing to identify who was bringing what claim and whether a claim was being asserted on behalf of Kendrick's estate. Docs. 17; 18; 19. On May 19, the Court pointed out that the estate was not a party and ordered the plaintiffs "to file a renewed motion to amend and proposed amended complaint … that identifies who is bringing the claim for the death of Angel Melody Kendrick and whether a claim is being asserted by the estate for the injuries and damages sustained by Angel Melody Kendrick." Doc. 19 at 3. On May 31, the plaintiffs filed a renewed motion for leave to amend but asked that it be held in abeyance until a personal representative was appointed for Kendrick's estate, and the plaintiffs were ordered to notify the Court once an administrator was appointed. Docs. 20; 21. More than three months passed, discovery closed, nothing was filed, and with the deadline for filing dispositive motions approaching, the Court again denied plaintiffs' motion to amend without prejudice and ordered them to file a status report whereby they admitted that no administrator had been appointed. Docs. 22; 24.

The defendants, meanwhile, diligently proceeded with this case by doing the things good lawyers do—conducting written discovery, taking depositions, and retaining an expert. Docs. 23; 25. Plaintiffs' counsel failed to engage in any discovery and never moved for an extension of any deadline under the Scheduling Order. Docs. 23; 25; 27.

In addition to seeking summary judgment on the merits, the defendants now claim they are entitled to summary judgment because: (1) none of the plaintiffs have authority to assert claims on behalf of Kendrick's estate; (2) Kendrick's parents lack "standing" to bring a wrongful death claim, and (3) because Austin Childs is now eighteen, Robert Childs also lacks "standing" to assert a wrongful death claim on his behalf. Docs. 23; 25. The plaintiffs fail to respond to these arguments.

Accordingly, it is hereby **ORDERED** that: (1) Cynthia Kendrick and Johnny Kendrick be **DISMISSED** and terminated as parties to this case; (2) pursuant to Fed. R. Civ. P. 17, plaintiff counsel have **FOURTEEN** days from the entry of this Order to move to add or substitute someone who has capacity to prosecute this action. *See Hardy v. Potter*, 2009 WL 2391239 (S.D. Ga. Aug. 4, 2009) (citing *Madison v. Vintage Petroleum, Inc.*, 872 F. Supp. 340, 343 (S.D. Miss.1994)). If they fail to do so, this case will necessarily be dismissed. *See Walden v. John D. Archbold Memorial Hosp., Inc.*, 197 Ga. App. 275, 276–77, 398 S.E.2d 271 (1990), *disapproved of on other grounds by First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883, 884, 655 S.E.2d 605 (2008). To the extent the defendants move for summary judgment on the merits, those motions (Docs. 23; 25) are **DENIED** without prejudice. To the extent the motions seek the dismissal without prejudice of Cynthia Kendrick and Johnny Kendrick, they are **GRANTED**. The Court defers ruling on whether the case should be dismissed in its entirety. Plaintiffs' motion to defer consideration (Doc. 27) is therefore **DENIED** as moot.

-5-

**SO ORDERED**, this 19th day of December, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
